THE STATE v. GRAY, *Appellant.*

1. **Capital Offense:** RAPE: SEPARATION OF JURY. Rape is a capital offense, and in such cases the statute is mandatory that the jury shall not separate.

2. ———: ———: ———. Where some of the jurors, in a trial for rape, remained in the office of the hotel, while the others wert at dinner at a crowded table in the dining room, the judgment will be reversed upon the ground of the separation of the jury.

*Appeal from Mississippi Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*J. T. Wilson* and *J. J. Russell* for appellant.

(1) In all felony cases, the law requires the court to have the sheriff, who is to be in charge of the jury, to be sworn to keep the jury together, etc. Revised Statutes, 1889, section 4210. This statute is mandatory in all felony cases, and its enforcement is much more important in capital than in ordinary felony cases. (2) The testimony of the defendant on his motion for a new trial, as shown by the bill of exceptions, shows conclusively that the jury were permitted to separate indiscriminately, and at their own volition, at any and all times. This is positively in violation of all law and precedent in capital cases. *State v. Collins,* 81 Mo. 652; *State v. Murray,* 91 Mo. 95.

*John M. Wood,* Attorney General, for the State.

It is only where it appears that jurors have been tampered with that this court will reverse on account of a separation. *State v. Bell,* 70 Mo. 633. The jurors at the dinner table and in the adjoining hall were all

in charge of the officer. The separation claimed was unavoidable, and in no sense prejudical, and was not such as to have entitled defendant to a new trial, or as will justify a reversal. *State v. Washburn*, 91 Mo. 571, and authorities cited.

SHERWOOD, J.—The defendant, a negro, was indicted for ravishing a girl of his own color, under the age of twelve years, and there was evidence to establish that to be her age, and that he had had sexual intercourse with her.

An instruction was given at the instance of the state, to the effect that if the girl was under the age of twelve at the time, and the defendant had sexual intercourse with her, then he was guilty under the law. And at the instance of the defendant an instruction, the converse of the preceding one, was given. There is no complaint about the instructions.

The jury returned a verdict of guilty, assessing the punishment at ten years in the penitentiary, and defendant has appealed. The point of complaint made in this court, as in the lower court, is the separation of the jury, and the evidence establishes that this occurred when the sheriff took the jury over to the hotel to dinner. Some of the jurors were in the dining room and some in the office. The fact that the dining table was crowded and, therefore, there was not room for all the jurymen to eat at once, furnishes not the shadow of an excuse for allowing them to separate. The law does not recognize such an excuse and accords to it no validity whatever. This is a capital case. *Ex parte Dusenberry*, 97 Mo. 504. And the law is mandatory that in such cases the jury shall not separate. *State v. Murray*, 91 Mo. 95, and cases cited.

Judgment reversed and cause remanded. All concur.