The State v. Sivils.

THE STATE v. SIVILS, *Appellant.*

DIVISION TWO.

1. **Criminal Practice:** APPEAL: FAILURE TO PRESERVE THE EVIDENCE. Where the evidence is not preserved in the bill of exceptions, its sufficiency will not be considered on appeal; it will be assumed in such case that the evidence tended to prove the facts upon which the instructions were hypothecated, and that it was sufficient to justify the verdict.

2. ———: ———: ———: INSTRUCTIONS. Where the facts to be found by the jury under the instructions in such case do not warrant the conclusion of law to be deduced from them, such instructions are improper and will be reviewed on appeal.

3. ———: INSTRUCTIONS: COMMENTING ON EVIDENCE. Instructions which are commentaries on the evidence are in contravention of the provisions of the statutes (R. S. 1879, secs. 1908, 1920), and should not be given.

4. ——— : ——— : ———. It is for the court to determine the admissibility of the evidence, and the jury its weight and effect.

5. ——— : ——— : ———. It is improper for the court to single out by the instructions certain testimony in a cause, and to tell the jury that it is entitled to great or little weight.

6. ——— : VERDICT. Where a defendant is charged in the indictment with arson in the second and third degrees, a general verdict of guilty without specifying the degree is sufficient.

*Appeal from Wright Circuit Court.* — HON. C. C. BLAND, Judge.

The State v. Sivils.

REVERSED AND REMANDED.

*Silver & Brown* for appellant.

(1) The third instruction given for the state was erroneous. It was a commentary on the evidence, and, therefore, directly in violation of the express provisions of the statute on the subject. R. S. 1879, sec. 1920; *Chouquette v. Barada*, 28 Mo. 491 ; *Anderson v. Kincheloe*, 30 Mo. 520 ; *Fine v. Public Schools*, 39 Mo. 67 ; *Rose v. Spies*, 44 Mo. 21 ; *State v. Hundley*, 46 Mo. 414; *State v. Smith*, 53 Mo. 267; *Jones v. Jones*, 57 Mo. 138 ; *State v. Breeden*, 58 Mo. 507; *State v. Harris*, 59 Mo. 556. (2) The instruction was further vicious in shifting the burden of proof of guilt from the state to the defendant. *State v. Wingo*, 66 Mo. 181; *State v. Hill*, 69 Mo. 451, 453 ; *Chaffee v. United States*, 18 Wallace, 517. (3) Instruction, numbered 9, given on behalf of the state, was erroneous, and should not have been given. *Rothschild v. Ins. Co.*, 62 Mo. 356, and cases cited. (4) Instruction, numbered 10, given for the state is erroneous. There is no warrant in the precedents for the use of the term, strong presumption of guilt, in an instruction. *State v. King*, 78 Mo. 555. (5) The eleventh instruction was likewise erroneous. Authorities cited under the first head. It was erroneous in the use of the term, strong presumption. (6) The judgment cannot be sustained against the defendant, because there is no evidence whatever inculpating Pearson, the alleged principal. (7) The verdict is insufficient to sustain the judgment, for the reason that the indictment charges in different counts arson in the second and third degrees, and the verdict fails to specify the degree of which defendant was convicted. *State v. Bobb*, 90 Mo. 30. (8) The evidence was sufficiently preserved by being called for in the skeleton bill of exceptions. *Myers v. Myers*, 98 Mo. 271 ; *Crawford v. Spencer*, 92 Mo. 498. The testimony as furnished by

the stenographer, a sworn officer of the court, was identified and verified by the judge and directed by him to be copied into the transcript, and this case falls within the rule announced in the above cases. (9) Even conceding the evidence was not properly preserved, still this court will review the instructions. *Brady v. Hill*, 1 Mo. 183. No issue could be made either by the indictment, or on the evidence, which would authorize the giving of the instructions complained of; hence the judgment should be reversed regardless of the evidence.

*John M. Wood*, Attorney General, for the State.

(1) A mere reference to the evidence, or a calling for it in the skeleton bill of exceptions is not sufficient to preserve it. *State v. Griffin*, 98 Mo. 672; *Morrison v. Lehew*, 17 Mo. App. 633. (2) Where the evidence in the case is not preserved in the bill of exceptions, the presumption is that it was pertinent and relevant to the issue on trial, presented by the indictment. *State v. Burk*, 89 Mo. 635. And where the evidence adduced upon the trial is not preserved in the bill of exceptions, this court will assume that it warranted the instructions given. *State v. Brown*, 75 Mo. 317; *State v. Mallon*, 75 Mo. 355. (3) The record on page 173 shows that on the second day of September, 1885, the grand jury returned into court four true bills of indictment, one of which was against Sig. Sivils; and, on page 5 of the record, it is shown that the indictment in this case against defendant, Sig. Sivils, was filed on September 2, 1885. This is sufficient evidence of the indictment having been returned into court by the grand jury. *State v. Grate*, 68 Mo. 22. (4) The verdict in this case is sufficient. *State v. Pitts*, 58 Mo. 556.

MACFARLANE, J.—Defendant was tried and convicted of arson. The indictment contained four counts. The first charges one, Thomas Pearson, with arson in

the second degree (under R. S. 1879, sec. 1286), by burning a building, the property of E. C. Steele, E. J. Pope and James Tate, containing certain county records. The defendant Sivils is in this count charged with being wilfully present and aiding and abetting said arson. The second count of the indictment sets out the same offense as the first count against Thomas Pearson, and charges defendant Sivils with being an accessory before the fact. The third count charges said Thomas Pearson with arson in the third degree (under R. S. 1879, sec. 1287), and that defendant Sivils was present, aiding and abetting the same. The fourth count sets out the same offense of arson in the third degree (under R. S. 1879, sec. 1287), and charges defendant Sivils with being an accessory before the fact.

The verdict was as follows: "We, the jury, find the defendant guilty in manner and form as charged in the indictment, and assess his punishment at imprisonment in the penitentiary for five years."

I. The evidence was not preserved in the bill of exceptions, and its sufficiency cannot be considered. It must, therefore, be assumed that the evidence tended to prove the facts upon which the instructions were hypothecated, and that it was sufficient to justify the verdict. If the facts to be found by the jury, under the instructions, did not warrant the conclusions of law to be deduced therefrom, then the instructions were improper. *State v. Brown*, 75 Mo. 317; *State v. Mallon*, 75 Mo. 355; *State v. Burk*, 89 Mo. 635.

The court gave to the jury the following instructions: "10. The court instructs the jury that, if they believe from the evidence that Sig. Sivils, after his arrest for the crime charged in this indictment, tried to induce the guard to permit him to escape, such attempt to induce the guard to permit him to escape raises a strong presumption of his guilt, which circumstances, if so proven, it devolves upon the defendant to explain, and, unless explained to your satisfaction, you will consider

this fact, in connection with all the other facts and circumstances in evidence, in determining the guilt or innocence of the defendant.

"11. The court instructs the jury that, if they believe from the evidence that the defendant, at any time, tried to procure any witness or witnesses to swear or testify falsely for him on the trial of this cause, or tried to get any person to ascertain where the indictment or bond was, for the purpose of destroying or making away with the same, such facts, if proven, are strong presumptions to guilt, which it devolves upon the defendant to explain upon a theory consistent with his innocence."

In criminal cases the duty is imposed upon the court to instruct the jury, in writing, upon all questions of law arising in the case which are necessary for their information in giving their verdict, but the right to comment upon the evidence is expressly denied them. R. S. 1879, secs. 1908, 1920.

We think the foregoing instructions and others given, which have not been copied, are clearly commentaries upon the evidence and in violation of the positive provisions of the statutes above quoted. The evidence, upon which these instructions were hypothecated, was properly admissible as circumstances from which guilt might be inferred, but the inference should be drawn by the jury, without aid or suggestion from the court. The court should determine the admissibility of the evidence, and the jury its weight and effect. "Where the law fixes the weight or effect of evidence, there is no impropriety in the court declaring it to the jury; but, when one fact or piece of evidence is merely used to show the existence of another fact which is to be found by the jury, the court cannot, by way of instruction, direct the jury that the inference is warranted. If it is so, the law presumes the juries more competent to draw it than the judge, our law will not allow the judge even to comment on the evidence when the jury may give what weight they please to the comment." *Chouquette*

*v. Barada*, 28 Mo. 491. "For a court to single out
certain testimony in a cause, and tell the jury that it is
entitled to great or little weight, is contrary to the
statutory provisions on the subject." *State v. Hundley*,
46 Mo. 414; *Fine v. Public Schools*, 39 Mo. 67; *Rose v.
Spies*, 44 Mo. 21; *State v. Smith*, 53 Mo. 267; *State v.
Harris*, 59 Mo. 556; *State v. Bell*, 70 Mo. 633.

II. The verdict is sufficient to support the judgment.
Defendant was charged in the indictment with arson in
the second and third degrees. The verdict was author-
ized under the counts for arson in the third degree.
Defendant was not convicted of a degree of the offense
inferior to that alleged in the indictment, and it was not
necessary to specify in the verdict the degree of arson
of which the jury found him guilty. R. S. 1879, secs.
1927, 1291; *State v. Pitts*, 58 Mo. 558; *State v. Matras-
sey*, 47 Mo. 296; *State v. Steptoe*, 65 Mo. 640. Reversed
and remanded. All concur.