State v. Schmidt.

THE STATE v. JOHN SCHMIDT, *Appellant*.

Division Two, February 2, 1897.

1. **Criminal Practice**: COPY OF INDICTMENT: MURDER. The right, under Revised Statutes, 1889, section 4138, of one indicted for murder in the first degree to a copy of the indictment forty-eight hours before his arraignment is waived by his pleading and going to trial without objection.

2. ———: DIFFERENT COUNTS: ELECTION. Where the different counts of an indictment relate to the same transaction it is not error for the court to refuse to compel the state to elect on which count it will proceed.

3. ———: ———: ———. The matter of compelling an election on the counts of an indictment vests in the sound discretion of the trial court and its action will not be disturbed where no abuse of such discretion appears.

4. ———: EVIDENCE: CONFESSIONS. A voluntary statement made by the defendant without inducement is admissible in evidence.

5. ———: INDICTMENT: SEVERAL COUNTS: GENERAL VERDICT. Where all the counts in an indictment relate to the same transaction and charge but a single offense a general verdict of guilty is proper.

6. ———: MURDER: SEPARATION OF JURORS. The temporary separation during a trial for murder, of a juror, from the rest of the panel, caused by his sickness, will not afford ground for a reversal of the judgment where it is shown that he was subjected to no improper influences.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

State v. Schmidt.

*John R. Warfield* for appellant.

(1)   Defendant was entitled to have a copy of the indictment served upon him at least forty-eight hours before his plea—and, therefore, before the trial. *First.* The statute requires it. R. S., sec. 4138. *Second.* The constitution guarantees it. Sec. 22, art. 2, const.; sec. 30, art. 2, const.; *State v. Green*, 66 Mo. 631; *State v. Davis*, 66 Mo. 684; secs. 22 and 30, art. 2, const. (2)   The defendant was entitled to know, in advance of the trial—or in the court's discretion, at the close of the case—upon which count of the indictment the state would proceed or would ask conviction. (3)   Where distinct offenses are charged—especially where, as in this case, they require distinctly different evidence to support them—the rule is that election will be required. Bishop on Crim. Proc. [3 Ed.], secs. 425, 461, 462. (4) Although the application to compel election is addressed to the sound discretion of the trial court, yet where, as in this case, the discretion has been abused, to the manifest injury of defendant, this court will interfere. *State v. Daubert*, 44 Mo. 242; *State v. Green*, *supra*. (5)   It was error to admit—as was done, without qualification—the alleged "confessions" of defendant, made while in custody of the officers and when defendant was suffering extreme physical and mental pain, as the result of his wounds. (6)   It was error to permit the frequent separation of the jury, as shown by the record, and access to and from the jury room or place, of those not authorized by and not under the control, or within the sight or hearing of the court.

*R. F. Walker*, attorney-general, and *Morton Jourdan*, assistant attorney-general, for the state.

(1)   The court very properly overruled the application of the defendant to require the state to elect un-

der which count in the indictment it would prosecute the defendant. The indictment charged, *first*, that this defendant did the killing and that Foster and Cotton Schmidt were present aiding and abetting; *second*. that all three of the defendants did the killing. It was entirely proper for the trial to proceed upon the indictment and the jury to determine from the evidence the question of defendant's guilt. *State v. Pratt*, 98 Mo. 482; *State v. Jennings*, 98 Mo. 493. (2) The instructions in this case clearly define the law and are in the usual and approved forms. They are neither inconsistent, misleading, or confusing. Defendant can not complain that the court refused to declare all the law applicable to this case for the reason that he saved no exceptions to the alleged failure of the court so to do. *State v. Paxton*, 126 Mo. 500; *State v. Cantlin*, 118 Mo. 111. (3) The remarks of Mr. Mudd, of counsel for the state, of which the defendant complains, were entirely proper. The defendant has saved a garbled abstract from Mr. Mudd's speech, which of itself contains no suggestions of improper conduct or prejudice to the defendant. *State v. Young*, 105 Mo. 634. (4) Complaint is made that the members of the jury during its deliberations were permitted by the court to communicate with outside persons and that persons had free access to and from the room where the jury was kept and located. Many affidavits were filed pro and con as to whether these facts existed; the trial court in hearing a motion for new trial passed upon the question of fact as shown by these affidavits, and this court will not interfere with the conclusion of fact reached by the trial court. *State v. Taylor*, 35 S. W. Rep. 97; *State v. Howard*, 118 Mo. 136; *State v. Howell*, 117 Mo. 342; *State v. Nocton*, 121 Mo. 537.

BURGESS, J.—The defendant with two others, Peter Schmidt, and Samuel Foster, was indicted in the circuit court of St. Louis county for murder in the first degree, in shooting with a pistol and killing one Bertram A. Atwater, at said county on the night of January 5, 1896. The murder was committed in the attempt to carry out a preconcerted plan between the parties to rob the deceased.

On motion of defendant a severance was ordered and a separate trial granted him. Thereafter on the third day of August, 1896, defendant was convicted under said indictment of murder in the first degree. He appealed.

The facts connected with the killing, and the conspiracy theretofore formed by the indictees to rob deceased, are so fully stated by GANTT, P. J., in an opinion delivered at the present term, in the case of *State v. Peter Schmidt*, 136 Mo. 644, it is thought that no useful purpose will be subserved by restating them.

While it is true under section 4138, Revised Statutes 1889, defendant had a right to a copy of the indictment against him for at least forty-eight hours before his arraignment thereunder, yet it was a privilege that he could, and did in fact, waive by pleading to the indictment and going into trial without it, and he could not raise the objection after verdict.

It was said in *Lisle v. State*, 6 Mo. 426, that a person under indictment for a capital offense may waive his right to a copy of the indictment, and if he pleads and goes to trial without objection because of the want of such copy he waives the objection and can not raise it after verdict. That case was followed and approved in *State v. Green*, 66 Mo. 631. The same rule has been announced elsewhere. *State v. Jackson*, 12 La. Ann. 680; *Patterson v. State*, 48 N. J. L. 381.

No error was committed in overruling defendant's motion to require the state to elect upon which count in the indictment it would proceed to trial, nor, after the close of the evidence, upon which count it would ask for a conviction. Such matters rest in the sound discretion of the trial court, and, in the absence of its abuse, this court will not interfere. *State v. Green, supra.* Where the counts in the indictment all relate to the same transaction, as in the case at bar, it is not error for the court to refuse to compel the state to elect on which count it will proceed. *State v. Turner,* 63 Mo. 436; *State v. Porter,* 26 Mo. 201; *State v. Sutton,* 64 Mo. 107; *State v. Noland,* 111 Mo. 473.

The statement made by defendant with respect to the homicide was voluntary upon his part, and made without any inducement whatever being held out to him to do so. It was clearly admissible, and it was so held by this court in *State v. Peter Schmidt, supra.* Under the circumstances no instruction as to the weight to be given to it by the jury was necessary or proper.

All of the counts in the indictment related to the same transaction and charged but a single offense. In such case a general finding of guilty is proper. *State v. Sivils,* 105 Mo. 530; *State v. McDonald,* 85 Mo. 539; *State v. Miller,* 67 Mo. 604; *State v. Brooks,* 92 Mo. 542.

While the trial was in progress one of the jurors, Alexander Stuby, was taken ill so as to necessitate the services of a physician, and on several occasions he was removed for a short space of time from the presence of the other jurors; but was always in the charge of the deputy sheriff, who testified that on no occasion did he, or anyone else, converse with Stuby or any member of the jury about the case.

It has always been ruled by this court that section 4209, Revised Statutes 1889, prohibiting the separation of jurors in capital cases, must be strictly observed.

*State v. Murray*, 91 Mo. 95; *State v. Gray*, 100 Mo. 523. In this case, however, the state assumed the burden and affirmatively showed to the satisfaction of the court, that the jurors were not subject to improper influences, and under such circumstances it has been held to be no ground for reversal. *State v. Orrick*, 106 Mo. 111; *State v. Howell*, 117 Mo. 307; *State v. Sansone*, 116 Mo. 1.

The case seems to have been well tried, and the record free from substantial error. The judgment is affirmed. All of this division concur.