STATE OF MISSOURI, Respondent, v. ABE ELMER POLAKOFF, alias WILLIAM LEE MORGAN, Appellant, No. 42356—237 S. W. (2d) 173.

Division Two, March 12, 1951.

*Walter Dakin Williams* for appellant.

*J. E. Taylor*, Attorney General, and *Thos. F. Gilchrist*, Assistant Attorney General, for respondent.

[174] WESTHUES, C.—Appellant was convicted in the Circuit Court of the City of St. Louis, Missouri, on a charge of obtaining money, that is, $200, by means of a bogus check. His punishment was fixed at seven years' imprisonment in the penitentiary. He appealed to this court.

Appellant's first contention briefed is that the information is insufficient to meet the requirements of Section 561.450 Mo. R. S., 1949, under which section appellant was prosecuted. Appellant says that the information "fails to set forth in particularity the trick or device or false pretense by which" the money was obtained; that it fails to state that the drawer of the check knew he had no funds in the bank on which the check was drawn; that the information is couched in terms so vague and uncertain "that it fails to inform the appellant of the nature and cause of the accusation against him." We cannot agree with appellant. We have examined the information and have compared the allegations thereof with the State's evidence. The evidence shows that appellant obtained $200 on a check cashed at the Lennox Hotel Company in St. Louis, Missouri, in the exact manner as charged in the information. The essential allegations of the information in substance are that appellant on December 28, 1948, unlawfully, feloniously, fraudulently, knowingly, designedly, and with the intent to cheat and defraud Lennox Hotel Company by means of and by use of a certain check purporting to be drawn by appellant using the name of Mrs. Blanch Watson on a bank in which appellant knew she, Blanch Watson, then and there had no funds; the information then sets forth the name of the bank and the tenor of the check as follows:

"THE FIRST STATE BANK       86-570
1031

Seminole, Okla.      December 28-     1948     No. 31
Pay to the
    Order of    William Lee Morgan        $200.00
Two Hundred ...................................... Dollars,
For Rent collected          (signed) Mrs. Blanch Watson
      Oldest Bank in Seminole County"

The information charges that appellant presented the check to the hotel whose agent believing that appellant using the name of Mrs. Blanch Watson had sufficient [175] funds in the bank to pay the check and relying thereon and being deceived thereby was induced to turn over $200 to appellant. The information further charges that appellant by the means aforesaid with the felonious intent to

cheat and defraud well knowing that she, Mrs. Blanch Watson, had no funds in said bank fraudulently and feloniously obtained $200 from the Lennox Hotel Company.

We rule the information definitely and with particularity informed the appellant of the trick and device and false pretense practiced by appellant and by which he obtained the money. Appellant contends that the information charged that the appellant well knew *she,* meaning Blanch Watson, had no funds in the bank, whereas the information to comply with the statute should have charged that appellant knew that *he,* the appellant, had no money in the bank. We do not agree. The information alleged that appellant used the name of Blanch Watson as author of the check. The check would not have been honored by the bank on which it was drawn unless there was money in the bank in the name of Blanch Watson. The bank would not have honored the check even if appellant had had sufficient funds in the bank under any other name. However, the evidence was that there was no money in the bank belonging to appellant in the name of Blanch Watson, Abe Elmer Polakoff, or William Lee Morgan. Appellant testified he did not remember all the names he had used. In fact at the time of this trial he insisted his name was Mr. Polly. Cases cited by appellant do not sustain his contention. See State v. Mullins, 292 Mo. 44, 237 S. W. 502; State v. Herman, 162 S. W. (2d) 873. We must rule against appellant and hold the information sufficient.

Appellant next contends that there was a fatal variance between the information and the proof. It is claimed that the proof showed appellant to have indorsed the check whereas no indorsement was alleged in the information. Not only would that not be a variance, but it was not necessary either to allege or to prove that appellant indorsed the check. It is also asserted that the State proved the indorsement as having been made by a William Lee *Magan* and not *Morgan,* the name used by appellant at the hotel. An employee of the Lennox Hotel testified that appellant indorsed the check in his presence. Witnesses were asked about the name indorsed on the check. They seem to have had difficulty in determining whether the name was Magan or Morgan. However, one was positive it was Morgan. Therefore, there is no merit in appellant's point.

Appellant complains because the trial court permitted the State to indorse the name of Lloyd Brown on the information during the trial and to use Brown as a witness. When the objection was made, the prosecutor informed the court that appellant had had notice that this witness was to be used. Appellant did not deny this; therefore, we must defer to the ruling of the trial court. State v. Lindsey, 80 S. W. (2d) 123, l. c. 126 (7-9) (10, 11), cited by appellant rules this point against appellant's contention.

934

■ Appellant says his confession should not have been used because he was mentally incompetent to make a confession and that it was not shown to have been made voluntarily. Appellant's defense was insanity. Whether appellant was sane or insane was a question for a jury and the jury decided he was sane. A number of appellant's own witnesses testified he was sane. A Mrs. Anna Herder, a social worker (at the Salvation Army) through whom appellant made arrangements to give a dinner for a number of poor children about the time the check in question was given, testified appellant was "a very normal person."

Dr. Edmond F. Sassin, an expert on mental diseases, was appointed by the court to examine appellant. He testified that in his opinion appellant was sane.

Appellant testified that he had been in numerous mental as well as penal institutions. He introduced a judgment entered by a U. S. District Court in Oklahoma to the effect that appellant was insane. The decree showed that the finding was based on a letter written by a doctor. It is significant [176] that appellant was discharged from so many institutions. His own testimony was that he escaped from one or more. He further testified that he knew what he was doing while on the witness stand. He stated that numerous doctors had examined him and had informed him that he was of an "emotional mentality" and subject to "emotional upsets."

An officer, who took appellant after his arrest from Oklahoma to St. Louis, Missouri, testified that appellant talked about the check while en route to St. Louis and admitted having given the check and that he had no funds in the bank. Dr. Sassin testified that the appellant informed him about the check. Note the doctor's evidence:

"He told me about the check that he had passed, and what he did with the money. He explained that to me. He knew what he was doing at the time. He used the money, he told me, to give a Christmas party for some children."

Compare Dr. Sassin's evidence with that of appellant at the trial when he was asked about parties he had given for children.

"Q. Mr. Polly, did you ever give parties for poor children, do you recall that?

"A. Well, I have given parties for poor children, that I recall. I give a party for about three hundred in Boston, Mass. one time. I recall that, and I can recall giving parties here, as far as parties is concerned, I remember, and I just figured that some of them rich hotels got too much money, and I will give it to the poor, so I give them all a big Christmas dinner, and I felt good over it, and I ain't worrying about it now, * * *."

The evidence disclosed that during appellant's stay at the Lennox Hotel where the check was given, he arranged for two dinners, one for poor children and another for some soldiers who could not get home for

Christmas. We must rule that the statements attributed to appellant with reference to the check were voluntarily made.

Appellant during the trial was very abusive toward the court officials and the attorneys, his own as well as the State's. In his motion for new trial he asks to be given another trial because such conduct on his part prejudiced the jury. To grant appellant a new trial on this ground would be to place a premium on his own misconduct. The request is denied.

Appellant says the demurrer to the evidence should have been sustained. To this we cannot agree. In addition to what has been stated the evidence disclosed that appellant registered at the Hotel Lennox under the name of William Lee Morgan a day or two before Christmas in 1948; that he deposited several hundred dollars with the hotel; that he had dinner on two occasions with Paul Lampe, Assistant Manager of the hotel. It was while appellant was having dinner with Lampe that he presented the check, indorsed it, and informed Lampe that the check represented rents collected. Appellant while staying at the hotel as above-mentioned gave two dinners, one for poor children and one for soldiers. A day or so after he obtained the $200 on the check, appellant withdrew the cash balance in his account at the hotel and checked out. The State's evidence justifies a finding that appellant gained the confidence of the assistant manager of the hotel, leading him to believe he was a man of means, and in that way misled Lampe and induced him to cash the check. The evidence also supports a finding that appellant used the name of Blanch Watson as the author of the check knowing at the time there was no money in the bank in such name. We rule the evidence sufficient.

Appellant says that the punishment assessed by the jury was so severe as to indicate passion and prejudice against appellant. The punishment is within the statute. The evidence showed this to have been an aggravated case. Appellant admitted having been previously convicted of a number of offenses. Concerning his convictions of crime, he testified as follows: "So, I have been convicted quite a few times. But every prison I was in, if they want to prove it, I have been in the psychology branch the biggest part of the time, in ever prison I have been in."

We cannot say that the punishment assessed disclosed prejudice against [177] appellant. If later it develops that appellant while in prison is in need of medical treatment because of his "emotional upsets" such treatment will no doubt be administered.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Tipton, J.,* and *Ellison, P. J.,* concur; *Leedy, J.,* dissents.