**STATE of Missouri, Respondent,**

v.

**Donald Keith SAWYER, Appellant.**

**No. 49557.**

Supreme Court of Missouri,

Division No. 1.

May 13, 1963.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Charles C. Hatley, Sp. Asst. Atty. Gen., New Madrid, for respondent.

HYDE, Judge.

Defendant was convicted of second degree burglary (Sec. 560.070) and sentenced to two years' imprisonment. Sec. 560.095(2) (Statutory references are to RSMo and V.A.M.S.) Defendant has appealed but has filed no brief so we consider all assignments made in accordance with Supreme Court Rule 27.20, V.A.M.R. (See also Rule 28.02.)

The State's evidence was that defendant was found in the building of Kohler City Supply Co. in Kohler City, Jefferson County, during the night of January 28, 1962, by its watchman. Defendant was taken by the watchman to a nearby filling station where the State Patrol and Sheriff were called and defendant was turned over to a patrol officer. The watchman found the combination knocked off the safe in the building and a tool wedged in between the door on the top of the safe. Defendant had a bag in his hand which was identified as one boat covers are packed in, kept for sale by the Company. On investigation after the arrest, one of the officers said: "One of the windows on the northeast side of the building, a large window, approximately 20 inches by 20 or more had been removed, the glass pane had been removed, we found that glass pane on the outside of the roof which come almost flush to the base of that window, also on the outside on the roof we found a new chain saw, a .22 caliber rifle, which was loaded, a over and under .22 and 410 shotgun and a new model 50, 12 gauge shotgun on the roof."

■ Defendant's first assignment of error is "denying the defendant's motion for a continuance on the ground that the defendant had not been served with a copy of the information filed herein prior to trial of the above cause."

Supreme Court Rule 25.02, the same as Sec. 545.800, requires the clerk, upon request of the defendant, to make out and deliver to him a copy of the information. All that the record shows is that before the voir dire examination but after a plea of not guilty, defendant's counsel said "I'd like to object at this time to going to trial on this case as I have not been served a copy of the information as yet." The court stated: "Your objection comes too late at this time. Overruled." This rule, as the statute did, requires a request (no doubt because the indictment or information is required to be filed, Rule 21.01) and we have held that furnishing a copy is waived by pleading without making a request. State v. Maupin, 196 Mo. 164, 171, 93 S.W. 379; State v. Schmidt, 137 Mo. 266, 269, 38 S.W. 938; State v. Nelson, 132 Mo. 184, 196, 33 S.W. 809, in which earlier cases are cited. These cases all involved the stricter requirement of an earlier statute (see Sec. 4138, RS 1889) applying to capital cases. The record shows that when defendant's counsel was appointed the court notified him "that a reasonable time will be allowed in which to prepare a defense"; and on the record herein we find no prejudicial error.

■ Assignments 2 and 3 complain of the court instructing the prosecuting attorney to prove venue and that the goods mentioned were of some value; and in permitting continual leading of the witnesses. Neither of these assignments "set forth in detail and with particularity" the matters, statements or rulings sought to be reviewed as required by Rule 27.20. However, we note that when the matter of venue and value of goods was suggested by the court, the prosecuting attorney stated he had asked those questions and we find on examining the record that he had previously done so; and he did not do so again. Therefore, there could be no prejudicial error from this. As to leading questions, we find three objections. Two of the questions concerned the watchman firing his firearm after he had caught the defendant. The third concerned the State Patrol Sergeant's examination of the premises after the defendant had been taken into custody. The court cautioned the prosecuting attorney against lead-

ing after the first and third questions and we agree with the court that the second was not really leading. In any event, approval or disapproval of leading questions is largely discretionary with the trial court and will not constitute reversible error unless discretion is abused. Harrison v. St. Louis-San Francisco Ry. Co., 339 Mo. 821, 99 S.W.2d 841, 845. The claim of error by allowing continual leading is not sustained by the record.

Assignment 4 complains of the court's correction of Instruction No. 1, authorizing a verdict of conviction, which the motion says first hypothesized a finding that the building was property of Virginia Kohler Knoll and was changed to read "the building of Kohler City Supply Company." The evidence showed this company was a corporation of which Mrs. Knoll was president. The original instruction is not shown in the record but it is shown that the correction was made during the reading of the instruction to the jury. This was before the argument of counsel and the final submission of the case to the jury. Courts may withdraw or correct an instruction, and it is the duty of the court to do so, at any time during the trial, especially before the case has been submitted, if upon reflection the same is considered to have been erroneously given. State v. Taylor, 293 Mo. 210, 238 S.W. 489, 494; State v. Shapiro, 216 Mo. 359, 115 S.W. 1022, 1024, 1025. Furthermore, we have held: "It was not necessary to allege or prove the legal status of the owner of the goods stolen." State v. Long, Mo.Sup., 336 S.W.2d 378, 379, and cases cited.

Assignment 5 claims error in failing to declare a mistrial because of "the comment of the Assistant Prosecuting Attorney in his summing up to the Jury that the Defendant had failed to testify, or words to that effect." All that is shown by the record is the following: "Mr. Sheehan: About the defendant, we won't consider that in any detail at all about the defendant testifying as he's told to testify.

"Mr. Furtaw: If your honor please, I object to any remarks by the Prosecuting Attorney about the defendant's failure to testify and ask the jury be discharged.

"Mr. Sheehan: I did not say that.

"Mr. Furtaw: I ask the jury be discharged.

"The Court: Well, you used the wrong word you was talking about your witness wasn't you?

"Mr. Sheehan: That's who I was talking about, yes, sir.

"The Court: Just a misuse of words, no intent here."

From this it appears that the prosecuting attorney was talking about someone testifying as he was told to testify rather than about anyone failing to testify; and the court made this clear. Obviously, this must have been in answer to some claim or statement made by defendant's attorney about some witness for the state because no evidence was offered by the defense. Sec. 546.270 only prohibits referring to accused not availing himself of his right to testify. For cases construing certain arguments as not violating this prohibition of the statute, see State v. Michael, Mo.Sup., 361 S.W.2d 664; State v. Hayzlett, Mo.Sup., 265 S.W. 2d 321; State v. Johnson, 362 Mo. 833, 245 S.W.2d 43; State v. Janes, 318 Mo. 525, 1 S.W.2d 137. Our conclusion is no violation of the prohibition of Sec. 546.270 was shown.

We have examined the record as required by our Rules 28.02 and 28.08 and find it sufficient with respect to those matters therein specified.

The judgment is affirmed.

All concur.