STATE of Missouri, Respondent,

v.

Charles R. TODD, Appellant.

No. 49911.

Supreme Court of Missouri,

Division No. 2.

Nov. 11, 1963.

Hale W. Brown, Kirkwood, for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Frank P. Motherway, Sp. Asst. Gen., St. Louis, for respondent.

STORCKMAN, Presiding Judge.

The defendant was convicted of obtaining money with intent to cheat and defraud, § 561.450, and was sentenced to five years' imprisonment upon a finding by the court that he had a prior conviction of felony, § 556.280, RSMo 1959, V.A.M.S. The defendant appealed but has filed no brief in this court. The case is before us on the transcript of the record and the brief of the respondent.

In this situation our review extends to the assignments of error properly preserved in the motion for new trial and to the essential portions of the record. S.Ct. Rules 27.20 and 28.02, V.A.M.R.; State v. Slicker, Mo., 342 S.W.2d 946, 947 [1]. The defend-

ant did not testify or offer any evidence in his behalf. At the end of plaintiff's case, he moved for a directed verdict of acquittal on the ground that the evidence was insufficient to prove beyond a reasonable doubt that the defendant was guilty of obtaining money by trickery or deceit. The motion was re-offered when the evidence was formally closed. These are specifications 7 and 8 of the motion for new trial and while there were two motions for a directed verdict of acquittal they both pertain to the same evidence and will be treated as one assignment of error.

It was shown by the evidence that the defendant opened a checking account with the Empire Bank of Greene County, Missouri, by the deposit of $70 on July 27, 1962. The account was opened in the name of Todd Brokerage Service which was represented to be the trade name under which the defendant was operating and the signature authorized was that of the defendant. On July 31, 1962, the defendant tendered for deposit in his account at the Empire Bank nine checks payable to Todd Brokerage Service aggregating $2,378 which were received by the bank teller and a receipt was issued to the defendant. The defendant immediately thereafter presented to the teller a check drawn on the account and payable to himself in the amount of $2,000; the teller paid and delivered to the defendant the sum of $2,000 in cash. Payment of the nine checks deposited was refused by the banks on which they were drawn and the evidence showed that those banks did not have any accounts in the names of the purported makers. A deputy sheriff of Greene County made an investigation in the community and was unable to locate any persons bearing the names of the purported makers. In a written statement given on August 23, 1962, while in custody, the defendant made this admission: "On July 31st, 1962, I wrote nine fictitious checks totalling the amount of $2,378.00 and deposited to my account. At the same time of deposit, I cashed a personal check for $2,000.00, which at the time I knew I did not have the money in my account. I wish to make a statement at this time to say that there is no one else involved in this whatsoever. The idea was solely mine."

Section 561.450 under which the defendant was prosecuted provides that: "Every person who, with the intent to cheat and defraud, shall obtain or attempt to obtain, from any other person, or persons, any money, property or valuable thing whatever by means or by use of any trick or deception, or false and fraudulent representation, or statement or pretense, * * * or by means or by use, of any false or bogus check or by means of a check drawn, with intent to cheat and defraud, on a bank in which the drawer of the check knows he has no funds * * * shall be deemed guilty of a felony and upon conviction thereof be punished by imprisonment in the state penitentiary for a term not exceeding seven years."

The defendant does not specify in what respect the evidence was deficient. See State v. Howard, Mo., 360 S.W.2d 718, 721 [1–3]. The evidence was substantial and clearly sufficient to support the defendant's conviction of the criminal offense with which he was charged.

The defendant further contends that the trial court erred in refusing to dismiss the information "for the reason that the information was confusing in that it did not inform this defendant whether he was charged with uttering a bogus check or checks, as distinguished from obtaining money by Trickery & Deceit so that the defendant could not properly prepare a defense to the information." In substance the information charged that the defendant "with intent to cheat and defraud" obtained $2,000 from the Empire Bank by means of "trick and deception" in that he deposited with the bank "nine (9) false and bogus checks" in the amount of $2,378 which checks "were drawn upon non-existent accounts and were purportedly executed and drawn by existing persons, who were in

truth and fact non-existing and fictitious persons" and in reliance thereon the bank gave the defendant credit for $2,378 and "induced by said fraud, trick and deception" the bank delivered $2,000 to the defendant and was "thereby cheated and defrauded of the same". The false, fictitious and bogus checks were a part of the means by which trickery and deception were perpetrated and the information properly describes the successive steps in the consummation of one offense without duplicity or confusion. State v. Hartman, 364 Mo. 1109, 273 S.W.2d 198, 203 [3]; State v. Polakoff, 361 Mo. 929, 237 S.W.2d 173, 174 [3]. The defendant was sufficiently informed and the assignment of error is denied.

■ The next assignment is that the information was insufficient and instruction No. 1 was erroneous because there was no evidence that the bank teller gave the defendant any money "because of the deposit of any bogus checks" or "in reliance upon any illegal act, Trickery or deceit upon the part of the defendant." The teller, Nadine Lee, testified that she honored the defendant's check and gave him the $2,000 immediately after he had deposited with her the nine checks which turned out to be worthless. The teller was asked if she relied on the validity of the nine checks and answered in the affirmative after an objection to the question as being leading and suggestive was overruled. The teller's testimony in this respect can be disregarded for present purposes. Whether trickery and deception were practiced and whether the bank relied on the deceptive acts and the deposit of the bogus checks and was misled were facts which the jury could determine from circumstantial evidence. No reason other than to cheat and defraud by deception has been suggested for the deposit of the worthless checks by the defendant, and we can think of none. In fact the defendant in his confession stated that he knew he did not have the money in his account when he presented the $2,000 check. The evidence was sufficient and the court did not err in refusing to dismiss the informa-

tion or in giving instruction No. 1 for the reason assigned.

■ Next the defendant contends that instruction No. 1 is erroneous for the reason that it referred to the nine checks deposited as bogus checks when in fact none of the checks marked and introduced in evidence were bogus. Following a description of the nine checks deposited, the instruction authorizes the jury to find "that all of said checks were false and bogus for the reason that said checks were drawn upon non-existent accounts in said banks." The adjective bogus generally means not genuine, sham or pretended. A bogus check is one drawn on a non-existent bank, or by or payable to a fictitious person. State v. Robinson, Mo., 255 S.W.2d 811, 814 [2]; State v. Bird, Mo., 242 S.W.2d 576, 577 [2]. All of the evidence tended to prove that the drawers of the checks were fictitious persons. Therefore, the pretended accounts were non-existent. Cheating and defrauding "by means or by use, of any false or bogus check" is specifically proscribed by § 561.450. The instruction was not erroneous on the ground assigned.

■ As we understand the next assignment, it charges that instruction 1 is further erroneous and confusing on two grounds. The first is that the jury could have found the defendant guilty as charged by the mere fact that he cashed a check in the amount of $2,000 because the $2,000 check was referred to in the instruction as a bogus check. The complete answer to this contention is that the $2,000 check was not so referred to. The "false and bogus" checks referred to are the nine checks deposited.

■ Next the defendant undertakes to assert that trickery or deceit cannot be practiced upon one who knows the true facts which were that the nine checks could not be collected until they cleared the bank upon which they were drawn, and that the books and records of the bank were available to the teller who cashed the $2,000 check so that she could have ascertained that

the amount in his account was less than the amount of the check. This contention overlooks the fact shown by the evidence that the defendant was given credit in his account at the time the nine checks were deposited although the bank had the right to charge back any uncollected item. The entire transaction was not simply one of obtaining money by false and bogus checks, but it involved also elements of trick and deception in that the account had been opened four days previously by the deposit of a small amount which quite evidently was a part of the scheme to cheat and defraud. The nine false and bogus checks were then deposited, conditional credit was thus obtained, and a withdrawal check was then presented upon which money was obtained. See State v. Polakoff, Mo., 237 S.W.2d 173, 176 [10], and State v. Hartman, 364 Mo. 1109, 273 S.W.2d 198, 204 [6]. The instruction was not confusing in the respects charged and the court did not err in including trick and deception as one of the hypotheses.

The essence of the next assignment as we interpret it is that instruction No. 1 did not state the law or define what was meant by obtaining money by trick or deceit and "permitted the Jury to determine what Trickery or Deceit was of their own accord". The words trickery and deceit are in common use and generally understood by everyone. It is not necessary for the court of its own volition to define such words. State v. Churchill, Mo., 299 S.W.2d 475, 478 [5]; State v. Shriver, Mo., 275 S.W.2d 304, 309 [10]. The claim of error is denied.

Another assignment of error is that instruction No. 1 is erroneous "for the reason that the instruction was long and so confusing that a number less than 12 of the Jurors could have found the Defendant guilty by virtue of the Instruction and the other Jurors or Juror have found him guilty by another provision of the said Instruction so that the Defendant was found guilty by less than 12 of the Jurors of obtaining money by Trickery or deceit." The instruc-

tion is not unduly long and we do not deem it to be confusing. The bare assertion that the defendant was convicted by less than 12 of the jurors does not prove itself and is contrary to the record which shows the concurrence of all the jurors. The assignment is otherwise much too general and indefinite to preserve anything for appellate review. S.Ct. Rule 27.20.

The remaining allegation of error in the motion for new trial is that the court erred in permitting the prosecuting attorney over the defendant's objection to propound leading and suggestive questions to the witness Nadine Lee in that he asked her if she believed the nine checks totalling $2,378 were valid, genuine and good. The part of the testimony apparently intended reads as follows:

"Q. Now, at the time you took these checks, to which I have just referred, did you rely on their validity?

"MR. BROWN: I object, Your Honor; that is leading and suggestive. Counsel knows better than that.

"THE COURT: Overruled.

"A. Yes."

The approval or disapproval of leading questions is largely discretionary with the trial court and will not constitute reversible error unless there is an abuse of discretion. State v. Sawyer, Mo., 367 S.W.2d 585, 587 [5]; Harrison v. St.Louis-San Francisco Ry. Co., 339 Mo. 821, 99 S.W.2d 841, 845 [6]. The transcript of the witness's testimony reveals that her examination was fairly conducted and the court did not abuse its discretion in overruling the objection to the leading question. The assignment is denied.

We have considered all of the specifications of error preserved in defendant's motion for new trial and find them to be without merit. The defendant was present throughout the trial, including his allocution and sentencing. He was effectively repre-

sented by counsel throughout the trial. We have also examined the parts of the record and entries designated in S.Ct. Rules 28.02 and 28.08 and find them to be proper in form and free from error. Accordingly the judgment is affirmed.

All of the Judges concur.