THE STATE OF MISSOURI, Respondent, *v.* DAVID H. HORNER, Appellant.

1. *Criminal law—Uttering forged instrument, what constitutes.*—The offering of a forged instrument, with the representation by words or actions that the same is genuine, is an "uttering" within the meaning of the statute (Wagr Stat. 471, § 21), whether the paper be accepted or not.

Questions as to the uttering and the guilty knowledge on the part of the accused are for the jury to determine under the evidence.

2. *Venue—Question of, one of fact—What proof touching sufficient.*—The question of venue is always one of fact, and may be proved like any other fact. If the evidence raises a violent presumption that the offense for which a prisoner is indicted was committed in the county where he is tried, it is sufficient. (State v. Burns, *ante*, p. 438, affirmed.)

*Appeal from St. Louis Criminal Court.*

*John Hallum,* for appellant.

I. The indictment was defective under the statute (Wagn. Stat. 468, § 9) in not charging anything touching the sale, exchange or delivery of the check, or any consideration passing.

II. There was no uttering of the check in a legal sense. It was simply deposited for safe-keeping. The hotel clerk was a mere bailee. There was no transfer for a consideration. The prisoner received from the clerk a deposit check, which gave him control of the paper. (See Rex v. Harris, 6 C. & P. 129; Rex v. Shukard, Russ. & Ryl. 200; see also Gentry v. The State, 3 Yerg. 451; The People v. Rathbun, 21 Wend. 508.)

III. The simple uttering of forged paper, uncoupled with proof of guilty knowledge or criminal intent, is not sufficient to

support a conviction. (See 2 Russ. Crimes, 403 ; 2 Whart. Cr. Law, § 1472; State v. Mix, 15 Mo. 153 ; Rex v. Boult, 2 Car. & Ker. 604.)

*C. P. Johnson*, Circuit Attorney, for respondent.

I. The indictment is good. (State v. Fealy, 18 Mo. 445; State v. Kroeger, 47 Mo. 562.)

II. The act of defendant was an uttering within the meaning of the statute. To constitute an uttering, the instrument forged should be parted with, or tendered or offered or used in some way to get money or credit upon it. (Russ. & Ryl. 212 ; 4 Taunt. 300 ; 2 Leach, 1048; 1 Bish. Cr. Law, § 185 ; 2 Bish. Cr. Law, § 499.) To utter and publish an instrument is to declare or assert, directly or indirectly, by words or actions, that it is good. (Commonwealth v. Searle, 2 Binn. 339; United States v. Mitchell, 1 Baldw. Ch. 367; East's P. C. 972 ; see also 3 Greenl. Ev., § 110 ; Regina v. Cook, 8 Car. & P. 582 ; 2 Russ. Crimes, 397–9; 1 Benn. & Heard's Lead. Cr. Cas. 397.)

III. The question of guilty knowledge or criminal intent is a question of fact for the jury, and such guilty knowledge need not be specifically proven, but may be inferred from all the facts and circumstances in the case.

WAGNER, Judge, delivered the opinion of the court.

The indictment in this case contained two counts. The first charged the defendant with forging and counterfeiting a certain check, and the second charged him with uttering, passing and publishing the same as true. The jury rendered a verdict of guilty on the second count, and he was sentenced accordingly.

Several questions have been argued by the counsel for defendant, but there are only two that deserve any particular consideration. The first is whether the act whereof the prisoner stands convicted constituted an "uttering" within the meaning of the law. The second count is framed upon the statute relating to forgery, which declares that "every person who, with intent to defraud, shall pass, utter or publish, or offer or attempt to pass, utter or publish as true, any forged, counterfeited or falsely uttered instrument or writing, or any counterfeit," etc., "shall,

upon conviction, be adjudged guilty of forgery," etc. (Wagn. Stat. 471, § 21.) The prisoner presented to the clerk at the Southern hotel a forged check for $200, and remarked that there was a check for $200; that it was more money than he wanted to carry about his person; that it was payable to him and was all right, and requested the clerk to put it away for him and give him twenty dollars. The clerk states in his evidence that he supposed the check was good; that he put it away and gave the prisoner twenty dollars; that had he not received the check he would not have given the twenty dollars.

The law is well and definitely settled that the words "utter" and "uttering" mean substantially to offer. If a person offers another a thing—as, for instance, a forged instrument, or a piece of counterfeit coin which he intends to pass as good—that is an "uttering," whether the thing offered be accepted or not; and it is said that the offer need not go so far as to be in law a tender. But to constitute an uttering there must be a complete attempt to do the particular act which the law forbids; though there may be a complete conditional uttering as well as any other, which will be criminal. (1 Bish. Cr. Law, 1st ed., § 185, and cases cited in notes.) It has been expressly adjudged that the allegation of uttering and publishing is proved by evidence that the prisoner offered to pass the instrument to another person, declaring or asserting, directly or indirectly, by words or actions, that it was good. (Conn v. Searle, 2 Binn. 399; United States v. Mitchell, Baldw. Cir. Ct. 367; Rex v. Shukard, Russ. & Ryl. 200.) The uttering and the guilty knowledge are both questions of fact to be found by the jury upon the evidence submitted to them. It is not alleged that the court committed any error in the matter of giving instructions. The point raised was one for the jury to pass upon, and we think their verdict is amply sustained by the evidence.

The second question insisted on concerns the supposed failure of the prosecuting officer to prove the venue and show that the crime was committed within the jurisdiction of the court. In this respect the case is not distinguishable from The State v. Burns, *ante*, p. 438; and, according to the authority of that decision, the point must be ruled in favor of the State.

Judgment affirmed. The other judges concur.