THE STATE v. FLEMING, *Appellant.*

Division Two, June 27, 1893.

1. **Practice, Criminal:** DEFECTIVE INDICTMENT. Where an indictment is fatally defective, no motion to quash or in arrest is necessary, as the supreme court will notice the defect on appeal.

2. **Pleading, Criminal:** CHEAT AND FRAUD: INDICTMENT: REVISED STATUTES, 1889, SECTION 3826. The form of indictment authorized by section 3826, Revised Statutes, 1889, for obtaining money or property by means of a cheat, fraud, etc., *held* unconstitutional, following *State v. Terry,* 109 Mo. 601.

*Appeal from Pettis Circuit Court.*—HON. JOHN E. RYLAND, Judge.

REVERSED.

*P. D. Hastain* for appellant.

*R. F. Walker,* Attorney General, for the state.

The indictment clearly charges the crime in language and form often approved by this court, and is not subject to the criticism suggested by appellant's motion to quash, which was properly overruled. Revised Statutes, 1889, section 3826; *State v. Fancher,* 71 Mo. 460; *State v. Porter,* 75 Mo. 171; *State v. Crooker,* 95 Mo. 389; *State v. Clay,* 100 Mo. 571; *State v. Morgan,* 112 Mo. 202; *State v. Jackson,* 112 Mo. 585; *State v. Horn,* 93 Mo. 190; *State v. McChesney,* 90 Mo. 120; *State v. Bayne,* 88 Mo. 604.

SHERWOOD, J.—The indictment in this cause, based on section 3826, Revised Statutes, 1889, formerly section 1561, Revised Statutes, 1879, so far as necessary to quote it, is as follows:

"The grand jurors for the state of Missouri, duly empaneled, sworn and charged to inquire within and for the body of the county of Pettis and the state aforesaid, upon their oath present that heretofore, to-wit, on the eighteenth day of August, 1892, at the county of Pettis and state of Missouri, Ernest Fleming and Minnie Colbert, with intent to cheat and defraud Peter Arben, did unlawfully and feloniously obtain from Peter Arben twenty dollars good and lawful money of the United States of the value of twenty dollars, of the goods and property of Peter Arben, by means and by use of a cheat, a fraud, a trick, false and fraudulent representation and false pretense, to-wit, by representing that a certain paper resembling a twenty-dollar bill of the United States, and purporting to be issued by the state of Missouri as a requisition of defense bonds, was good and lawful money, and by asking and receiving in change therefor from the said Peter Arben the said twenty dollars good and lawful money of the United States, the said Peter Arben believing said statement and representation to be true, was thereby induced to part with his said money as aforesaid, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state."

The evidence has not been preserved, and the defendant, who was convicted, and his punishment assessed at two years imprisonment in the penitentiary, has appealed to this court in order to have determined the sufficiency of the indictment, as this point was the only one as to which any exception was saved.

If an indictment is absolutely and materially defective, no motion to quash or in arrest is necessary, as this court will notice the defect on appeal. *State v. Meyers*, 99 Mo. *loc. cit.* 112.

Under the authority of *State v. Terry*, 109 Mo. 601, the indictment must be held "without form and void." For the reasons stated in the case cited, we will not follow the cases of *State v. Morgan*, 112 Mo. 202, and *State v. Jackson*, 112 Mo. 585. Therefore, judgment reversed and defendant discharged. All concur.