State v. Spence.

STATE OF MISSOURI, Respondent, v. RICHARD SPENCE, Appellant.

### St. Louis Court of Appeals, March 4, 1901.

1. **Criminal Law: MERCHANT'S LICENSE: SALE OF LIQUORS.** The giving of a merchant's license bond, covering the period of the sale, was sufficient evidence of his having a merchant's license at the time of the sale to authorize the trial court to overrule his demurrer to the evidence, on that score.

2. ———: ———: ———: **DRUGGIST.** Defendant may have been a druggist and yet have had merchant's license, and as there was evidence before the jury that he was a druggist, which was passed on by it, his demurrer to the evidence on that theory was properly overruled.

3. ———: ———: **INDICTMENT, DEFECTIVE FOR DUPLICITY.** The motion to quash indictment failed to point out wherein more than one offense was charged, and the record shows that the prosecuting attorney elected to try defendant on the single charge of violating the law under a merchant's license, hence there is no merit whatever in this assignment of error.

Appeal from Howell Circuit Court.—*Hon. William N. Evans,* Judge.

AFFIRMED.

Vol 87 app—37

*Orchard & Saye* for appellant.

(1)   The defendant was indicted as a merchant.   In order to sustain this position the State must not only allege, but must prove that the defendant had a license at the time the sale was made.   State v. Marchand, 25 Mo. App. 657; State v. Edwards, 60 Mo. 490.   And we contend there was not sufficient proof to show that defendant had a license.   (2)   Our next contention is that if the evidence proved he was a merchant and had a merchant's license, then we proved by the same evidence that the defendant had and maintained a drugstore; that he had a good general stock, and he also proved that he had and kept a regular registered pharmacist in his drugstore at all times; that being true, he should have been indicted as a druggist and not as a merchant.   State v. Williams, 69 Mo. App. 284.   (3)   In view of the above authorities the court should have given the instructions asked by the defendant either at close of State's case or the one offered at the close of the whole case which was offered by way of demurrer and directed that the defendant be discharged.

BOND, J.—The defendant was convicted of a violation of the law regulating the sale of liquor by merchants.   He has appealed and has assigned for error, first, the insufficiency of the evidence to sustain the finding, in that it failed to show that he had a merchant's license at the time of the sale.

I.   The evidence is that he gave a merchant's license bond covering the period of the sale, and it was in the possession of the county clerk whose duty it was to keep such bonds.   These bonds in practice are taken when the license is delivered, and it must be presumed that when the bond is given the license was delivered and he is estopped to deny in this character of action that he had no license.   Hence, there was inferential evidence

State v. Spence.

of the possession by him of a merchant's license at the time of the sale of liquors in less quantities than warranted thereby, and the court did not err in overruling his demurrer to the evidence on this ground.

II. Secondly, he insists that such demurrer should have been sustained, because he was not indicted for violating the law applicable to the sale of liquor by 'druggists, since there was evidence on the trial tending to show that he owned a drugstore and kept a registered pharmacist in said drugstore. Conceding that there was evidence in this direction, still, it was merely matter of affirmative defense, and the jury had the right to refuse to give it credence, which their verdict shows they evidently did. It is not for us to usurp the province of the jury in weighing testimony, consequently there was no ground for a demurrer to the evidence upon the theory that the defendant was amenable solely to the druggist's law.

III. It is finally contended that the court erred in not quashing the indictment for duplicity. There is no merit whatever in this assignment; first, because the motion is wholly vague in its terms and fails to point out wherein more than one offense was charged in the indictment. State v. Marshall, 47 Mo. 378. Second, because the record shows the prosecuting attorney *elected* to try the defendant on the single charge of violating the law under a merchant's license.

No other grounds of reversal being urged, the judgment herein is affirmed. All concur.