# THE STATE v. AMOS SCOTT, Appellant.

### Division Two, December 3, 1923.

1. **LARCENY OR FALSE PRETENSE:** Possession and Title. The character of the crime depends upon the intention of the parties. Where by fraud or artifice, possession of personal property is obtained with a felonious intent to convert it and to deprive the owner of it, and where the title of the property remains in the owner, the offense is larceny. If the owner is induced by artifice or fraud to part with the title, the offense is false pretense. If the owner is induced by fraud or artifice to part with the possession, he is deprived of his property without his consent, the same as if he had been secretly deprived of its possession.

2. ———: ———: Application to Facts: Embezzlement. Defendant said to the prosecuting witness that if he would go with him to a certain store he could get him a suit of clothes at half price. They went to the store, the witness tried on a suit, and then defendant told him to go on down the street and there give him the money, and he would return and get the suit for him. They went out of the store, and at the next corner the witness gave defendant thirty-five dollars, and defendant told him to wait and he would bring him the suit. Defendant went away, soon returned, and handed the witness a package, and disappeared. It was raining, and the witness did not open the package until he was on a street car, and then discovered that it contained nothing but old rags. *Held*, that the crime was not false pretense, nor was it embezzlement, but larceny. When defendant received the money he intended to convert it to his own use; he induced the witness, by misrepresentation, to part with possession of the money, and the witness had no intention of parting with his title to the money until the seller of the suit had received the money.

3. ———: ———: ———: Instruction: Purchase: Exchange of Money for Goods. There being no evidence that the prosecuting witness parted with his money in exchange for a package, but the evidence being undisputed that defendant induced him to hand him the money to be used in buying a certain suit of clothes, and that defendant took the money, went away with it and returned with a package containing nothing but old rags, there is no warrant for an inference that the witness intended to part with the title to the money until it should be placed in the hands of the merchant who

had the suit for sale, and there was therefore no ground upon which an instruction could be based on the theory that the witness bought the goods from defendant.

4. **LARCENY**: Instruction: Parting with Possession. An instruction to the effect that the offense is not larceny unless the prosecuting witness voluntarily parted both with the possession and title to the money should be refused, where there is no evidence upon which to base it. And besides, such an instruction is too general, in that it does not require a finding that the parting with the possession and title was unconditional.

Appeal from St. Louis City Circuit Court.—*Hon. John W. Calhoun,* Judge.

AFFIRMED.

*S. E. Garner* for appellant.

(1)    The State's evidence does not establish a case of grand larceny as charged in the information. State v. Kosky, 191 Mo. 1; People v. Roe, 66 Cal. 423, 6 Pac. 1, 56 Am. Rep. 102; Rex v. Jackson, 1 Moody Cr. Cases, 119; Kellog v. State, 26 Ohio St. 15; State v. Anderson, 186 Mo. 25.   (2)   The court erred in refusing appellant's two offered instructions. State v. Copeman, 186 Mo. 108.   (3) Instruction 1 is fatally defective, in that it assumes facts not shown by the testimony.   (4)   The information in view of the facts upon which it was founded is fatally defective because it does not fairly acquaint the accused with the cause and nature of the charge against him that he could be able to meet the issues which the testimony developed.   State v. Terry, 101 Mo. 601; State v. Murphy, 141 Mo. 267; State v. Marcus, 171 Mo. App. 38, 153 S. W. 488; State v. Crooker, 95 Mo. 389.

*Jesse W. Barrett,* Attorney-General, for respondent; *Ellison A. Poulton* of counsel.

(1)    The information sufficiently charged the crime. Sec. 3312, R. S. 1919; State v. Anglin, 222 S. W. 776.   (2)

The evidence, if believed, established larceny of the money. State v. Mintz, 189 Mo. 268, 281; State v. Copeman, 186 Mo. 108, 117; State v. Buck, 186 Mo. 15, 19; State v. Anderson, 186 Mo. 25, 37. (3) State's Instruction 1 properly stated the law. State v. Anglin, 222 S. W. 777. (4) There was no error in the refusal of instructions asked by the defendant. Those given properly presented the case to the jury, and others were therefore not necessary. State v. Saunders, 232 S. W. 978; State v. Allen, 234 S. W. 844.

WHITE, J.—On January 15, 1923, the defendant, on trial before a jury in the Circuit Court of the City of St. Louis, was found guilty of grand larceny, and his punishment assessed at two years in the penitentiary. From the judgment thereupon rendered he appealed to this court.

The evidence shows that on November 13, 1922, one Lee Hill was on Washington Avenue, looking into a show window. The defendant approached him and asked if he wanted to buy a suit of clothes, and Hill's evidence proceeded as follows:

"   .   .   .   And he said, 'I am a porter at Goldies on Olive Street. If you will go there with me I can see the manager and get you a suit at half price;' and finally, after talking, I said, 'If you can do that I will go up there with you,' and we went to the store; and he said, 'You better buy a suit and overcoat, since I can get it at half price, I will save you some money;' and we went over there and he went in to see the manager and was talking to him, and we looked at a suit, and he said, 'You go on down and give me the money and I will go and get the suit for you.' That was the way it was."

Hill then stated that he tried on a suit of clothes in the store; that he and the defendant went out of the store and at the next corner Hill gave the defendant thirty-five dollars in money, the defendant telling him to wait and he would bring him the suit of clothes. Accordingly, Scott

went away, soon returned, handed Hill a package and disappeared. It was raining and Hill did not open the package until he got on the street car, when he found it contained nothing but old rags. On cross-examination Hill said that he gave Scott the money with the understanding that he was to carry it to the clerk in the store; that previously, while in the store, he had said he would go outside and get a check cashed. Scott on being arrested admitted the facts as sworn to by Hill. On cross-examination of Hill the defense endeavored to show that Scott first brought the package to Hill and exchanged it for the money, although Hill resolutely stuck to his position that the money was handed to Scott first. The appellant also testified that he was intimidated and beaten by the policeman in order to get the statement which he made. No mention of that matter, however, is made in the motion for rehearing. The information was in two counts: the first count charging grand larceny, and the second count charging embezzlement. The second count was removed from consideration by instruction and the jury found the defendant guilty of grand larceny charged in the first count.

I. Appellant's counsel argue that under the facts shown in the evidence, grand larceny was not proven, but if any offense was established it was obtaining money under false pretenses—a totally different offense covered by a different statute.

Larceny or False Pretense.

The distinction between the two offenses has been very clearly and very definitely defined by this court in several cases. The character of the crime depends upon the intention of the parties. Where by fraud or by artifice, possession of personal property is obtained with a felonious intent to convert it and to deprive the owner of it, and where the title to the property remains in the owner, the offense is larceny. If the owner is induced by artifice or fraud to part with the title, then the offense is

false pretense. If the owner is induced to part with possession by means of artifice or fraud he is deprived of his property without his consent, the same as if he had been secretly deprived of possession. [State v. Anglin, 222 S. W. 776; State v. Buck, 186 Mo. l. c. 19; State v. Anderson, 186 Mo. l. c. 38-39; State v. Mintz, 189 Mo. l. c. 283.] In the Buck Case, 186 Mo. l. c. 19, this court quotes from a Massachusetts case a clear analysis of the crimes embezzlement, larceny, and false pretense.

"If a person honestly receives the possession of the goods, chattels or money of another upon any trust, express or implied, and, after receiving them, fraudulently converts them to his own use, he may be guilty of the crime of embezzlement, but cannot be of that of larceny, except as embezzlement is by statute made larceny. If the possession of such property is obtained by fraud, and the owner of it intends to part with his title as well as his possession, the offense is that of obtaining property by false pretenses, provided the means by which they are acquired are such as, in law, are false pretenses. If the possession is fraudulently obtained, *with intent on the part of the person obtaining it, at the time he receives it,* to convert the same to his own use, and the person parting with it intends to part with his possession merely, and not with the title to his property, the offense is larceny."

It is not contended that the evidence in this case would show embezzlement, or that the action of the court in taking that charge away from the jury's consideration was improper. If, after receiving the money, the defendant had conceived the idea of converting it to his own use, it would have been embezzlement. The evidence shows that when he received the money he intended to convert it to his own use.

The crime was not false pretense, for Hill did not intend to invest the defendant with the title to the money; there is nothing in the evidence to indicate any such purpose; he was not attempting to buy a suit of clothes from Scott. Scott induced him, by a misrepresentation as to

his standing with the store, to give possession of the money to him, Scott, for the purpose of taking it to the salesman in the store. Hill had no intention to part with the title to the money until it had been exchanged for a suit of clothes—until the seller of the clothes received the money.

II. The argument of the appellant is based upon the assumption that the defendant delivered the package of rags to Hill and took the money in exchange; that Hill

Instruction:
Purchase:
Larceny.

then intended to part with the money to Scott in exchange for what he supposed was the goods. As stated above, Hill consistently stuck to his story that the money was parted with first, and all the circumstances support him. Even if the money was delivered at the time Hill received the package, Hill did not part with his title to the money. There is no warrant for the inference that he intended to part with the title until it should be placed in the hands of the man who was supposed to have sold the goods. If the circumstances were such as to show that Hill bought the goods from Scott, then there would be ground for an instruction placing that theory of the case before the jury. But there is nothing in the testimony of Hill, nor in that of Scott, from which it could be inferred that Hill was buying the goods from Scott, or that Hill intended to invest Scott with the title to the money.

The appellant asked an instruction to the effect that the offense was not larceny if Hill voluntarily and willingly parted both with possession and title to the

Possession
and Title.

money. The instruction was properly refused for lack of evidence upon which to base it, as stated. It was properly refused for another reason: because it was too general and did not specifically require the jury to find an intention on the part of Hill to invest Scott with the title to the money the moment Hill parted with the possession of it, and that such parting with the possession and title was unconditional. Instructions given on behalf of the State embody every element of the crime.

III.   Appellant complains of instruction numbered one given on behalf of the State, on the ground that it assumes facts necessary to be shown.   An examination of the instruction shows that the jury was required to find every fact necessary to a conviction.

*Assumption of Facts.*

Finding no error in the record the judgment is affirmed. *David E. Blair, P. J.,* and *Walker, J.,* concur.