THE STATE v. CHARLES L. CARLSON, Appellant.—29 S. W. (2d) 135.

Division Two, June 11, 1930.

*Stratton Shartel*, Attorney-General, and *Henry Depping*, Assistant Attorney-General, for respondent.

700

WHITE, J.—In the Circuit Court of Jackson County the appellant was found guilty of assaulting one Max Barnett, as charged in the indictment, by driving an automobile carelessly and with gross and culpable negligence against the automobile in which said Max Barnett was riding. The defendant's punishment was assessed at six months in the county jail and a fine of one thousand dollars. From the judgment following that verdict he appealed.

On or about July 20, 1928, late in the afternoon, the defendant was driving south on Wornall Road with a young woman passenger in a Marmon car. Driving south in front of him was a young woman named Gertrude Wiggins. At or near the intersection of Wornall Road and 77th Street Terrace defendant Carlson passed Miss Wiggins. Max Barnett in a stripped Ford, with two other boys, was coming on the Wornall Road from the south. The defendant, in the Marmon car, collided with the Ford car so violently that it wrecked the Ford. One of the boys testified that he was thrown over into a pasture. Barnett was knocked insensible and remained unconscious for six days. The defendant himself was injured on the side of his head and ear. The driver of the Ford car on

seeing the approach of the Marmon car either turned off the slab or was knocked off by the impact of the Marmon car.

It is inferable from the evidence that the collision was caused by the reckless speed at which the defendant was driving. Miss Wiggins testified that the car came up behind her awful fast; that she was traveling about twenty or twenty-five miles an hour, and that the Marmon was going twice as fast as she was. One witness testified that the Marmon car looked like it was about to fly; another that it was going fifty or sixty miles an hour; another described it as "going at a terrific speed;" one witness who was passed by the Marmon car just before the collision said: "It just seemed like I was going backwards when he went by me, he was going so fast."

The defendant testified that he was forty-three years of age, married, had a family, and his business was general contractor. There was a woman in the car with him. She had in possession a bottle of liquor, and there was evidence as to a smell of liquor about the car, although no witness said that the defendant smelled of liquor. He testified that he didn't know the woman; that he had stopped at a cigar store, and was asked which way he was going; this woman was there, going in the same direction as he, and he was asked to take her in his car. There was evidence indicating that she was under the influence of liquor at the time of the collision. The defendant claimed that he was going at a moderate rate of speed, and that owing to the way the boys in the Ford were driving he was unable to avoid hitting them. No brief is filed here for appellant. The motion for new trial sets out certain alleged errors.

I. It is claimed that the court erred in refusing the court's peremptory instruction in the nature of a demurrer to the evidence. The theory seems to be that the evidence did not justify a conviction on the indictment and under Section 3264, Revised Statutes 1919. That section provides that if any person shall be maimed, wounded or disfigured or receive great bodily harm, etc., "under circumstances which would constitute murder or manslaughter if death had ensued, the person by whose act, procurement or negligence such injury or danger of life shall be occasioned" shall be punished, etc. One who drives an automobile in reckless disregard of human safety would be guilty of manslaughter in case his recklessness caused the death of another. The indictment declared that Carlson feloniously struck Max Barnett with his said automobile by driving said automobile recklessly, carelessly and with gross negligence and wanton disregard of human life. The averments of the indictment come within the terms of the statute and the evidence fully supports

the indictment. The jury found the defendant guilty as charged in the indictment.

II. It is urged that the court erred in giving Instruction No. 1, which authorized the jury if they found the defendant guilty to assess his punishment at imprisonment in the penitentiary for any term not less than two years nor more than five years, or in the county jail, not less than six months, or by both a fine of not less than one hundred dollars and by imprisonment in the county jail not less than three months, or by fine of not less than one hundred dollars.

The point seems to be that the instruction authorizes a minimum punishment in the penitentiary of not less than two years, whereas Section 3264 has no minimum limit, but authorizes imprisonment in the penitentiary not exceeding five years. The defendant was not prejudiced by that instruction because the punishment was fixed at a term in the county jail and a fine of one thousand dollars, authorized by the statute. Besides it was not necessary for Section 3264 to fix a minimum punishment at two years in the penitentiary; Section 3698, Revised Statutes 1919, fixes such limit for the duration of any imprisonment in the penitentiary; the instruction was strictly in accord with the statute.

III. It is claimed that the court erred in giving Instruction No. 3, which told the jury that although they might believe that defendant was under the influence of liquor yet that fact alone would not justify them in finding him guilty unless they further found him guilty of culpable negligence as defined in other instructions. The instruction is erroneous but the error is in the defendant's favor, and it certainly was not harmful to him.

IV. It is further claimed that the court erred in permitting evidence that the deputy sheriff took some intoxicating liquor from Miss Sheppard who was riding with defendant. Defendant's companion was under the influence of liquor and the smell of liquor was about the car. It was one of the circumstances surrounding the case. The only objection in the record to that evidence made by the defendant was this: ''We object to all this because he [defendant] is not charged with drunken driving.'' The evidence was not offered for that purpose.

V. It is further claimed that some of the evidence in relation to the speed at which the defendant was driving was given by

witnesses at a distance from where the collision took place. Some of this evidence was excluded by the court on that ground; the rest of it was admissible because it tended to show that the rate of speed was continued to the point of collision.

VI. Appellant complained of error on the part of the court in permitting witnesses to testify because their names were not endorsed on the indictment. Only one witness, Harry Brown, whose name was not indorsed on the indictment, testified, and it was shown that he was one of the boys in the Ford and the defendant necessarily knew that he would be a witness. There was no evidence of intention to surprise the defendant by introducing him as a witness. There was no intention to surprise and no surprise, and no injury to the defendant by the failure to endorse Harry Brown's name on the indictment.

VII. It is further claimed that the court erred in admitting testimony of doctors in relation to the extent of Max Barnett's injuries. The objection to one of them was sustained, and we cannot find in the record that any other one testified.

VIII. Error is assigned to the refusal of instructions offered by defendant, but each of them, so far as they were proper instructions, were covered by instructions given. The defendant's Instruction K, refused by the court, told the jury that if they found Max Barnett was careless and negligent in driving and propelling his car, and that his negligence solely or *partially* was the cause of the collision, they should find the defendant not guilty. In respect to this there is no evidence that Max Barnett was negligent in his driving. It appears that he was on his own side of the street and traveling slowly. Even if he was careless in his driving and that carelessness partially responsible for his injury, the instruction is incomplete in leaving out altogether the element of the defendant's reckless disregard of human life and safety, which the evidence tended to show.

We find no error in the record and the judgment is affirmed. All concur.