**STATE of Missouri, Respondent,**

v.

**Paul Wilbur DUNLAP, Appellant.**

**No. 51822.**

Supreme Court of Missouri,
Division No. 1.

Nov. 14, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, Edward P. McSweeney Sp. Asst. Atty. Gen., Clayton, for respondent.

Robert G. Duncan, Lewis E. Pierce, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

WELBORN, Commissioner.

Paul Wilbur Dunlap appeals from a judgment and sentence of the Grundy County Circuit Court of two years' confinement by the Department of Corrections upon a jury's finding of guilty of "obtaining money by bogus check."

According to Larry Hennier, who testified for the state, he, Dunlap and a third man drove from Jackson County to Trenton, Missouri, on October 7, 1964, to cash "payroll" checks. Hennier stated that he saw Dunlap write a check, purporting to be a payroll check of the Rinehart Construction Company of Chillicothe on the Citizens National Bank of Chillicothe, payable to Martin Howard in the sum of $96.37. Hennier testified that Dunlap signed the name "Darrel Rinehart" to the check and that Hennier then took the check to the IGA Foodliner in Trenton and cashed it after endorsing the name "Martin Howard" on the back of the check. Hennier subsequently divided the proceeds with Dunlap and the third participant in the scheme.

The comanager of the IGA Foodliner identified Hennier as the person who came to the store and requested him to cash the check in question. He stated that Hennier said that he had been working for a construction company in Chillicothe and that he was planning to move to Trenton and needed to cash the check because of trouble with his automobile.

The cashier of the Citizens National Bank of Chillicothe testified that, on October 6, 1964, there was no account in that bank in the name of the Rinehart Construction Company. The only other evidence directly relating to the offense was the testimony of a highway patrol expert that the signature on the check in question was in the handwriting of Dunlap.

Dunlap testified in his own behalf that he went to Trenton with Hennier on the day in question, but that he knew nothing about the preparation or cashing of the check.

On this appeal, appellant attacks the information by which he was charged as duplicitous because it charges both the obtaining of money by a "bogus" check and by a "no funds" check. No objection to the information on this ground was raised in the trial court. Such objection may not be raised for the first time in this court. State v. Hartman, 364 Mo. 1109, 273 S.W.2d 198, 204 [7, 8]. Omitting surplusage, the information does contain the substantive elements of the offense of obtaining money with intent to cheat and defraud by means of a bogus check as defined by § 561.450, RSMo 1959, V.A.M.S.

Appellant contends that the verdict is fatally defective because it is unresponsive to the information. The verdict found the defendant "guilty of obtaining money by gous [bogus] check as charged in the Information." We have held that the information sufficiently charged the offense of obtaining money by fraud and deceit by means of a bogus check, and the verdict is responsive to such charge.

**78**

Appellant's next complaint is that the trial court failed to instruct on the weight and consideration to be accorded the testimony of the self-confessed accomplice, Hennier. Appellant offered no instruction on this subject. Therefore, the failure of the trial court to instruct on this "matter being collateral to the main issue" is not grounds for error. State v. Rizor, 351 Mo. 137, 171 S.W.2d 710, 712 [7–10]. See also State v. Rutledge, Mo.Sup., 267 S.W.2d 625, 626 [5, 6]; State v. Garton, Mo.Sup., 371 S.W.2d 283, 288 [3, 4].

Appellant finally contends that the conviction is not supported by substantial evidence because there was no proof that the check was bogus or that it was unpaid. The evidence clearly was sufficient to establish that the check was bogus. The state's evidence showed that defendant signed the name of "Darrel Rinehart" to the check which purported to have been drawn on the account of the Rinehart Construction Company in the Citizens National Bank of Chillicothe. The state showed that there was no such account in that bank. Such evidence was sufficient to prove that the check was bogus. State v. Hartman, 364 Mo. 1109, 273 S.W.2d 198, 205 [12]. The fact that the check was unpaid would necessarily follow from its bogus status.

The state was not required to prove that Darrel Rinehart, the purported signer of the check, did not have an account in the Citizens National Bank of Chillicothe. The check purported to be drawn on the account of the Rinehart Construction Company, so that the situation here is the converse of that presented in State v. Robinson, Mo.Sup., 255 S.W.2d 811, relied upon by appellant. State v. Scott, Mo.Sup., 230 S.W.2d 764, is of no assistance to appellant. There the fatal shortcoming of the state's evidence was failure to show whether or not the bank on which the check was drawn was existent or nonexistent, and, if existent, the status of the account, if any, of the

drawee of the check. State v. Euge, Mo. Sup., 400 S.W.2d 119, relied upon by appellant, is not in point. Euge had a bank account in the fictitious name by which he signed the check. Here the bank on which the check was drawn had no account in the name of the purported drawee.

The judgment and sentence is in proper form. Supreme Court Rule 28.02, V.A.M.R.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.